EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Francisco Galán Rivera<br><br>Peticionario | Certiorari<br><br>2016 TSPR 186<br><br>196 DPR ____ |

Número del Caso: CC-2016-629

Fecha: 18 de agosto de 2016

Tribunal de Apelaciones:

     Región Judicial de Mayagüez - Utuado

Abogada de la Parte Peticionaria:

     Lcdo. William Marini Román

Materia: Resolución con Voto Particular Disidente

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

      v.                        CC-2016-629      Certiorari

Francisco Galán Rivera

    Peticionario

Sala de Verano integrada por el Juez Asociado señor Feliberti Cintrón como su Presidente y los Jueces Asociados señores Estrella Martínez y Colón Pérez.

RESOLUCIÓN

San Juan, Puerto Rico, a 18 de agosto de 2016.

Atendidas la *Moción Notificando Comienzo de Proceso y Solicitud de Remedio* y la *petición de certiorari,* no ha lugar.

Notifíquese inmediatamente por teléfono, facsímil y por la vía ordinaria.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez emitió un Voto Particular Disidente.

                            Juan Ernesto Dávila Rivera
                        Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

      v.                        CC-2016-629      Certiorari

Francisco Galán Rivera

    Peticionario

Voto particular disidente emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 18 de agosto de 2016.

En el caso ante nuestra consideración, aplica el principio de especialidad acogido por la Asamblea Legislativa en el Art. 9 del Código Penal de 2012, *infra*. Ello, independiente a mi creencia de que la Asamblea Legislativa debió establecer penas más severas, en la legislación especial que nos ocupa, para aquellos delitos de naturaleza sexual cometidos por los padres, madres o custodios de menores que atentan contra su salud física o emocional. Veamos.

I

Los hechos medulares ante nuestra consideración consisten en que se presentaron dos

acusaciones contra el Sr. Francisco Galán Rivera(señor Galán Rivera) por los mismos hechos contra su hija menor de edad. En éstas, se le imputó haber cometido el delito de actos lascivos del Código Penal de 2012, 33 LPRA sec. 5194 e infringir el Art. 58 (a) de la Ley Núm. 246-2011, 8 LPRA sec. 1174(a).

Así las cosas, el señor Galán Rivera cuestionó que se le imputaran ambos delitos. Para ello, presentó una *Moción solicitando desestimación de acusación bajo el principio de especialidad.* En ésta, argumentó que aplica el principio de especialidad por lo que sólo procedía la acusación por la ley especial, es decir, el Art. 58 (a) de la Ley Núm. 246 y la desestimación de la acusación por el delito de actos lascivos del Código Penal de 2012. Sustentó su postura al señalar que ambas acusaciones contienen los mismos elementos constitutivos del delito imputado: (1) que el perjudicado o perjudicada sea víctima de actos lascivos; (2) menor de edad; y (3) persona menor de 16 años; con la particularidad de que el delito de la ley especial establece que sea el padre o la madre el imputado de cometer el delito. Asimismo, señaló que mediante la ley especial, la Asamblea Legislativa pretendió dar un trato especial a la conducta específica contra menores realizada por su padre o madre, o personas que tengan bajo su cuido a éstos. Por tanto, señaló que ambos delitos regulan la misma conducta criminal, pero la ley

especial contempla un requisito adicional, por lo que ésta debe prevalecer sobre la general.

El Ministerio Público se opuso y argumentó que el principio de especialidad no aplica debido a que la intención legislativa, salvaguardada por ambos estatutos era distinta. Señaló que el delito de actos lascivos pretende castigar la conducta que ofende el pudor o indemnidad sexual de la víctima; mientras, que el delito tipificado en el Art. 58 (a) de la Ley Núm. 246 se creó para proteger a los menores de edad de cualquier forma de maltrato de sus padres o de personas que lo tengan bajo su cuido, o instituciones responsables que les pueda causar la muerte, daño o sufrimiento físico, sexual o psicológico; por lo que se atiende el maltrato de menores desde una perspectiva centrada en el bienestar y la protección integral de la niñez.

Tras analizar las posturas de las partes, el Tribunal de Primera Instancia declaró no ha lugar la solicitud presentada por el señor Galán Rivera. Concluyó que no aplicaba el principio de especialidad por entender que ambos estatutos persiguen proteger fines jurídicos distintos con diferentes propósitos.

Inconforme, el señor Galán Rivera acudió al Tribunal de Apelaciones, el cual confirmó al foro primario por entender que las disposiciones legales en cuestión no penalizan la misma materia, por lo que no aplica el principio de especialidad y se le puede acusar

por ambos supuestos. El foro apelativo intermedio fundamentó su decisión en que el Código Penal de 2012 tipifica como conducta delictiva los actos lascivos o conducta sexual contra un menor de 16 años, toda vez que no tiene capacidad para consentir, y el Art. 58 (a) de la Ley Núm. 246 penaliza el maltrato de menores en todas sus facetas, incluyendo las formas de conducta sexual. De esta forma, el Tribunal de Apelaciones entendió que el Art. 58 (a) de la Ley Núm. 246 no penaliza la conducta de actos lascivos, sino el maltrato o el daño provocado a ese menor por su padre o madre o persona responsable de éste, independiente de si éste fue provocado por la conducta sexual o agresiones físicas o emocionales.

Finalmente y de forma oportuna, el señor Galán Rivera presentó un recurso de *Certiorari* ante este Tribunal, en el cual solicitó la revisión de la Sentencia emitida por el Tribunal de Apelaciones. Posteriormente, el 10 de agosto de 2016, presentó la *Moción notificando comienzo de proceso y solicitud de remedio* informando que su caso criminal está pautado para comenzar el 8 de septiembre de 2016. En consecuencia, sostuvo que de no paralizarse los procedimientos podría tornarse académico su planteamiento.

En síntesis, el señor Galán Rivera reitera sus argumentos, a los fines de que ambas disposiciones

legales cobijan la misma conducta, por lo cual existe la obligación de acusar por la ley especial. Asimismo, sostiene que, inclusive, el Art. 58 (a) de la Ley Núm. 246 establece que la comisión del delito queda establecido al probarse el acto lascivo. Por tanto, como el hecho se regula por diversas disposiciones penales, entiende que prevalece la aplicación de la pena especial bajo el principio de especialidad.

## II

Como es de nuestro conocimiento, el Art. 9 del Código Penal de 2012 establece el principio de especialidad, al disponer que cuando una misma materia se regula por diversas disposiciones penales: la especial prevalece sobre la general. Véase, Art. 9 del Código Penal de 2012, 33 LPRA sec. 5009; Pueblo v. Hernández Villanueva, 179 DPR 872, 891 (2010); Pueblo v. Ramos Rivas, 171 DPR 826, 836-837 (2007). Bajo este principio de especialidad, se determina cuál es la disposición penal que debe regir cuando hay más de un precepto penal de aplicación a una misma conducta delictiva. Íd. Es decir, ambos regulan la misma conducta delictiva, lo que impide que una persona sea castigada por ambas disposiciones al mismo tiempo. Al amparo de ello, al aplicar el principio de especialidad, resulta mandatorio la aplicación del principio especial sobre el general, excepto que la legislación disponga lo contrario. Véanse, Opinión de conformidad del Juez

Asociado señor Kolthoff Caraballo, a la cual se unieron los Jueces Asociados señores Martínez Torres y Feliberti Cintrón emitida en Pueblo v. Cordero Meléndez, 193 DPR 701, 709 (2015); Opinión de conformidad de la entonces Jueza Asociada Oronoz Rodríguez emitida en Pueblo v. Cordero Meléndez, *supra*, pág. 722; Opinión disidente del Juez Asociado señor Estrella Martínez emitida en Pueblo v. Cordero Meléndez, *supra*, pág. 739. Así las cosas, resulta incuestionable, que bajo este principio, la regulación especial excluye o desplaza a la general, pues quien realiza el tipo específico siempre consuma el genérico, mientras que a la inversa no sucede lo contrario. Pueblo v. Ramos Rivas, *supra*, pág. 837.

En este análisis, es importante determinar si la Asamblea Legislativa pretendió dar un trato especial a la conducta específicamente legislada, distinto del tratamiento dado a la conducta general; es decir, si está especialmente diseñado para la situación imputada. Así, un precepto es más especial que otro cuando requiere, **además de los presupuestos igualmente exigidos por este segundo, algún presupuesto adicional**. Véanse, Opinión de conformidad del Juez Asociado señor Kolthoff Caraballo, a la cual se unieron los Jueces Asociados señores Martínez Torres y Feliberti Cintrón emitida en Pueblo v. Cordero Meléndez, *supra*, pág. 710; Opinión de conformidad de la entonces Jueza Asociada Oronoz Rodríguez emitida en Pueblo v. Cordero Meléndez, *supra*,

págs. 722-723; Opinión disidente del Juez Asociado señor Estrella Martínez emitida en Pueblo v. Cordero Meléndez, *supra*, pág. 738;   S. Mir Puig, Derecho penal; parte general, 8va ed., Barcelona, Ed. Reppetor, 2008, pág. 654; Jiménez Asúa, Tratado de Derecho Penal, 2da ed., Buenos Aires, Ed. Losada, 1958, T. II, pág. 546. En definitiva, el "precepto especial describe de forma más completa el curso de acción antijurídico llevado a cabo por el sujeto". L.E. Chiesa Aponte, Derecho Penal sustantivo, 2da ed., [s. l.] Publicaciones JTS, 2013, pág. 90.

III

En el caso de autos, el delito de actos lascivos por el cual fue acusado el señor Galán Rivera es el siguiente:

> Toda persona que a propósito, con conocimiento o temerariamente, sin intentar consumar el delito de agresión sexual descrito en la sec. 5191 de este título, someta a otra persona a un acto que tienda a despertar, excitar o satisfacer la pasión o deseos sexuales del imputado, en cualquiera de las circunstancias que se exponen a continuación, será sancionada con pena de reclusión por un término fijo de ocho (8) años, más la pena de restitución, salvo que la víctima renuncie a ello:
>
> (a)  Si la víctima al momento del hecho es menor de dieciséis (16) años de edad.
>    ….
> (f) Si el acusado tiene una relación de parentesco con la víctima, por ser ascendiente o descendiente, por consanguinidad o adopción o afinidad, o colateral por consanguinidad o adopción, hasta el tercer grado, o por compartir o poseer custodia física o patria potestad.

Cuando el delito se cometa en cualquiera de las modalidades descritas en los incisos (a) y (f) de esta sección, o se cometa en el hogar de la víctima, o en cualquier otro lugar donde ésta tenga una expectativa razonable de intimidad, la pena del delito será de reclusión por un término fijo de quince (15) años más la pena de restitución, salvo que la víctima renuncie a ello.

Por su parte, el Art. 58 (a) de la Ley Núm. 246, establece lo siguiente:

Todo padre, madre o persona responsable por el bienestar de un menor o cualquier otra persona que por acción u omisión intencional **incurra en un acto que cause daño o ponga en riesgo a un menor de sufrir daño a su salud e integridad física, mental o emocional**, será sancionado con pena de reclusión por un término fijo de (5) cinco años o multa que no será menor de cinco mil (5,000) dólares ni mayor de diez mil (10,000) dólares, o ambas penas, a discreción del tribunal. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de ocho (8) años; de mediar circunstancias atenuantes, la pena fija podrá ser reducida hasta un máximo de tres (3) años.

Todo **padre**, madre o persona responsable por el bienestar de un menor o cualquier otra persona que por acción u omisión intencional incurra en conducta constitutiva de violencia doméstica en presencia de menores, en **abuso sexual**, en conducta obscena o la utilización de un menor para ejecutar conducta obscena, será sancionado con pena de reclusión por un término fijo de diez (10) años. La pena con agravantes podrá ser aumentada a doce (12) años de reclusión y de mediar circunstancias atenuantes, la pena podrá ser reducida a ocho (8) años de reclusión.

Se considerarán agravantes en estos casos las siguientes circunstancias:

(a) Si la víctima es ascendiente o descendiente en cualquier grado, incluyendo las relaciones adoptivas o por afinidad.

…

[...].

Al examinar la Ley Núm. 246 advertimos que en ésta se establece que se constituye un daño físico cuando medie cualquier trauma, lesión o condición no accidental, incluso aquella falta de alimentos que, de no ser atendida, podría resultar en la muerte, desfiguramiento, enfermedad o incapacidad temporera o permanente de cualquier parte o función del cuerpo, incluyendo la falta de alimentos. Asimismo el trauma, lesión o condición puede ser producto de un solo episodio o varios. 8 LPRA sec. 1101 (k). De igual forma, precisa que el daño mental o emocional se constituye al mediar un menoscabo de la capacidad intelectual o emocional del menor dentro de lo considerado normal para su edad y en su medio cultural. Además, se considerará que existe daño emocional cuando hay evidencia de que el menor manifiesta en forma recurrente o exhibe conductas tales como: miedo, sentimientos de inseguridad, aislamiento, conducta agresiva o regresiva o cualquier otra conducta similar que manifieste vulnerabilidad de un menor en el aspecto emocional. 8 LPRA sec. 1101(l). A su vez, la Ley Núm. 246 define lo que es "abuso sexual" al disponer que lo constituye el "[i]ncurrir en conducta sexual en presencia de un menor y/o que se utilice a un menor, voluntaria o involuntariamente, para ejecutar conducta

sexual dirigida a satisfacer la lascivia o cualquier acto que, **de procesarse por la vía criminal**, **configuraría cualesquiera de los siguientes delitos**: agresión sexual, **actos lascivos**, comercio de personas para actos sexuales, exposiciones obscenas, proposición obscena, producción de pornografía infantil, posesión y distribución de pornografía infantil, utilización de un menor para pornografía infantil; envío, transportación, venta, distribución, publicación, exhibición o posesión de material obsceno y espectáculos obscenos según han sido tipificados en el Código Penal de Puerto Rico". 8 LPRA sec. 1101 (b). (Énfasis suplido).

De lo transcrito, se desprende claramente que las disposiciones atienden el mismo tipo de conducta delictiva consistente en conducta sexual contra una víctima menor de edad, en este caso, causada por su padre. Tan es así, que el propio Art. 58 (a) de la Ley Núm. 246 aclara expresamente que ese tipo de abuso sexual incluye aquel que configuraría el delito de actos lascivos de procesarse por la vía criminal. Sin embargo, para fines de la controversia ante nos, no podemos ignorar que el legislador estableció un presupuesto adicional en la regulación especial de la Ley Núm. 246, a saber: que el sujeto activo que comete el delito siendo su padre, madre o custodio, **causa un daño o pone en riesgo a un menor de sufrir daño a su salud e integridad física, mental o emocional**. Por ello, el Art.

58 (a) de la Ley Núm. 246 se diseñó especialmente para ese fin.

De acuerdo con lo anterior, la Ley Núm. 246 requiere, además de los elementos contenidos en el delito general de acto lascivo tipificado en el Código Penal, que el acto cometido por el padre, madre o persona responsable del bienestar del menor, como fue imputado en este caso, le cause un daño o ponga en riesgo al menor de sufrir un daño a su salud e integridad ya sea física, mental o emocional. Ante ello, requiere los presupuestos exigidos por el delito general más uno adicional describiendo de forma más completa el efecto del curso de acción antijurídico llevado a cabo por el sujeto.

Como resultado, discrepo de la interpretación avalada por una Mayoría, que establece como diferencia el propósito de la tipificación de ambos delitos, cuando en realidad la materia tipificada en éstos es la misma: la conducta de tipo sexual contra menores de edad. No menos importante, el análisis aquí expuesto refleja con exactitud que el Art. 58 (a) atiende, específicamente, aquella conducta criminal que fue incurrida por uno de los padres de la víctima causándole un daño al menor en su salud física, mental o emocional, entre los cuales están expresamente incluidos los actos lascivos.

IV

Las acusaciones presentadas por el Ministerio Público van dirigidas a probar la conducta lasciva por parte del padre de la menor que le causó un daño a su salud física, mental o emocional, por lo que como elemento común para probar éstas sería necesario establecer que: (1) hubo un abuso sexual que consistió en un acto lascivo; (2) contra una menor de 16 años de edad; y (3) la víctima era la hija biológica del imputado. Ciertamente, el Art. 58 (a) de la Ley Núm. 246 **fue especialmente diseñado para la situación imputada, incluyendo y describiendo mejor la conducta cometida y los efectos de ésta sobre la menor.** Por mandato del propio Código Penal, procede aplicar el principio de especialidad y acusar por éste. De probarse los hechos alegados, el señor Galán Rivera incurriría en el delito tipificado en el Art. 58 (a) de la Ley Núm. 246 contra un menor de edad, el cual consume a su vez el delito genérico. Es decir, el Art. 58 (a) de la Ley Núm. 246 contiene todos los requisitos del delito de actos lascivos del tipo general, pero figuran además otras condiciones calificativas en virtud de las cuales la ley especial tiene preferencia sobre la general en su aplicación. Véase, Jiménez de Asúa, op. cit., pág. 546.

En el caso ante nuestra consideración, es un hecho irrefutable que el Ministerio Público acusó al señor Galán Rivera de haber sometido a su hija a una conducta

lasciva que le "causó daño y/o puso en riesgo a la menor de sufrir daño a su salud e integridad física, mental y/o emocional". Por tanto, ante tal realidad, procede acusar por la ley especial, conforme al mandato del Art. 9 del Código Penal, *supra*.

Lamentablemente, le correspondía a la Asamblea Legislativa atender con una pena mayor el hecho de los daños emocionales, físicos o mentales que puede causar un padre, madre o custodio por este tipo de actuación contra un menor. No obstante, es mi obligación aplicar el principio de especialidad establecido por la propia Asamblea Legislativa. Ésta tenía a su haber, entre múltiples cursos de acción, la oportunidad de excluir de la aplicación del mismo a la Ley Núm. 246, disponiéndolo expresamente en el referido estatuto. Sin embargo, no lo hizo. Por ende, considero que procede en derecho la aplicación del principio de especialidad a los hechos ante nuestra consideración.

En consecuencia, y no siendo este el criterio mayoritario, discrepo del proceder adoptado. En su lugar, paralizaría los procedimientos y expediría el recurso de *certiorari* presentado para disponer de una cuestión estrictamente de derecho.


                                                    Luis F. Estrella Martínez
                                                        Juez Asociado